This is a case arising from the discharge of an employee of the Conecuh County tax assessor's office.
Following her discharge by the tax assessor, the employee appealed to the Conecuh County merit system board (board). The board concluded that the employee was a permanent merit system employee at the time of her discharge and ordered her reinstatement to the tax assessor's office.
The tax assessor appealed to the Conecuh County Circuit Court. That court reversed the determination by the board. The circuit court concluded, among other things, that the employee was merely an employee-at-will, subject to dismissal at the unfettered discretion of the tax assessor.
The employee appeals. We affirm.
Employment in the service of Conecuh County is governed by Act No. 708, enacted by the legislature during its 1976 regular session. That Act provides for the standard of review applicable when an employee appeals a decision of the board to the Conecuh County Circuit Court. "Review by the circuit court shall be confined to the record, and to a determination of the questions of law presented; the merit system board's findings of fact shall be final and conclusive." 1976 Ala. Acts 708, § 12(b).
The employee contends that the circuit court erred because it weighed the evidence and substituted its judgment for that *Page 738 
of the board, something it is not permitted to do under this limited standard of review. See Thompson v. Alabama Departmentof Mental Health, 477 So.2d 427 (Ala.Civ.App. 1985). We disagree.
Under section 12(b) of the Act the circuit court must determine questions of law and must reverse the decision of the board if it determines that such questions have been incorrectly decided by the board, i.e., that the board has improperly applied its findings viewed from a legal sense.Thompson, 477 So.2d 427; Stewart v. Hilyer, 376 So.2d 727
(Ala.Civ.App. 1979).
The issue in this case is a question of law — whether the employee was at the time of her discharge a merit employee under the terms of the Act, a question of statutory interpretation, and thus was improperly discharged.
The board's written findings of fact state that the employee was employed by the tax assessor's office from September 17, 1984, until January 18, 1985, when her employment "was terminated." The findings note that the employment records stated that the employee was "laid off due to lack of work." The employee was subsequently employed by the tax assessor's office from April 1, 1985, until September 17, 1985, when she "was given notice of the termination of her employment by the Tax Assessor."
Section 10 of the Act provides:
 "All appointments, other than temporary appointments, shall be probationary for six months from the date of appointment. A probationary employee may be discharged by his appointing authority at his or its pleasure at any time before the expiration of six months from his appointment. After he shall have served for six months in the position to which he was appointed or employed such employee shall become a merit employee."
Clearly, based upon the conclusive findings of fact of the board, the employee was never employed by the county "for six months from the date of appointment" in order to achieve merit employee status. She was first employed for a period of approximately four months when her employment was terminated. She was subsequently employed for a period of approximately five and one-half months when her employment was terminated.
The employee was thus only a probationary employee subject to discharge at the tax assessor's "pleasure at any time before the expiration of six months from [her] appointment." 1976 Ala. Acts 708, § 10.
Although the employee's contentions in brief are not altogether clear, it appears that she claims to have reached the status of a merit employee because her separate periods of employment by the tax assessor's office may be "tacked" together, giving her approximately nine and one-half months of employment in the tax assessor's office.
Our interpretation of the Act is that such "tacking" together of periods of employment, such as we have in this instance, is not permissible thereunder.
The cardinal rule in construing the Act is to determine the intent of the legislature. Gulf Coast Media, Inc. v. MobilePress Register, Inc., 470 So.2d 1211 (Ala. 1985); Mitchell v.State Child Abuse Neglect Prevention Board, 512 So.2d 778
(Ala.Civ.App. 1987). In determining that intent, we must give the words used in the Act their natural, plain, ordinary, and commonly understood meaning. See Alabama Farm Bureau MutualCasualty Insurance Co. v. City of Hartselle, 460 So.2d 1219
(Ala. 1984); Mitchell, 512 So.2d 778.
The natural and plain meaning of the language used by the legislature in section 10 of the Act does not permit a probationary employee to "tack" his periods of probationary employment. Section 10 plainly states that an employee's appointment "shall be probationary for six months from the dateof appointment" (emphasis supplied). We do not think such language can reasonably be interpreted to imply that "tacking" is permissible to attain merit status.
Nowhere else in the Act, nor in the personnel manual promulgated pursuant to the Act and which was part of the record, *Page 739 
is there any language which indicates that "tacking" together of nonconsecutive periods of probationary employment to attain merit status was the intent of the legislature. In fact, the language in the personnel manual addressing the probationary period indicates why such was not the intent of the legislature. The apparent purpose of the probationary period is to give the employee's supervisor the opportunity to observe and evaluate "the employee's work habits, abilities, attitude, promptness and other pertinent characteristics" before allowing the employee to reach merit status. Allowing the probationary employee to "tack" periods of employment would obviously defeat this purpose.
We find that the circuit court correctly determined that the board had misinterpreted the Act as allowing the employee in this case to "tack" together her separate periods of employment in the tax assessor's office.
In view of the above, other issues raised by the parties are pretermitted.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.