HOLMES, Judge.
This is a case presenting a question of statutory construction of Ala.Code (1975), § 40-6A-2 (1985 Repl. Vol.), which establishes annual salaries for county revenue commissioners, tax assessors, and tax collectors.
The Walker County revenue commissioner brought the present suit, contending that Walker County is in violation of § 40-6A-2, as amended in 1985, by not paying his salary in accordance therewith. The learned trial court disagreed with the commissioner and dismissed the suit.
The commissioner appealed to the Alabama Supreme Court, which transferred the appeal to this court on September 22, 1987. We affirm.
Section 40-6A-2 was enacted in 1982 to provide a minimum salary schedule for county tax officials. It gave counties the option of adopting the schedule by providing for the schedule “upon approval by the county governing body of a resolution of authorization.”
The record reveals that in January 1983 the Walker County Commission passed a resolution in effect adopting or approving the compensation schedule set forth in § 40-6A-2. Since the adoption of that resolution, Walker County has paid the commissioner an annual salary of $25,000 in accordance with the schedule set forth in § 40-6A-2.
In 1985 the legislature amended § 40-6A-2, whereby the minimum salary schedule for county tax officials was adjusted upward. Under the amended schedule the commissioner contends that he should receive an annual salary of $40,000.
The Walker County Commission, however, has not approved or adopted amended § 40-6A-2 and continues to pay the commissioner an annual salary of $25,000.
The commissioner contends that approval by the county commission of the amended version of § 40-6A-2 is not necessary for the amendment to be binding upon Walker County. In other words, the commissioner *35 contends that Walker County, having approved and adopted the original § 40-6A-2 in 1983, is now bound by all subsequent amendments to the statute, regardless of whether the county commission approves of such amendments. We disagree.
The cardinal rule governing the construction of § 40-6A-2 is to ascertain the legislative intent — whether the legislature intended that approval by the county commission of amended § 40-6A-2 was necessary for the amended statute to apply to the county. Such legislative intent is determined by examining the language of the statute as a whole in light of its general purpose. Gulf Coast Media, Inc. v. Mobile Press Register, Inc., 470 So.2d 1211 (Ala.1985); Mitchell v. State Child Abuse & Neglect Prevention Board, 512 So.2d 778 (Ala.Civ.App.1987).
In examining and construing the language of the statute, this court must give words their natural, plain, ordinary, and commonly understood meaning. See Alabama Farm Bureau Mutual Casualty Insurance Co. v. City of Hartselle, 460 So.2d 1219 (Ala.1984); Mitchell, 512 So.2d 778.
The opening language of § 40-6A-2, as amended in 1985, provides that “[o]n and after September 11, 1985 and upon approval by the county governing body of a resolution of authorization,” county tax officials shall be compensated as provided in the statute (emphasis supplied). Except for the date, identical language was contained in original § 40-6A-2.
There can be no doubt that the plain and natural meaning of the above-quoted language is that county approval is a prerequisite to the application of § 40-6A-2’s amended compensation schedule to a county’s tax officials. Clearly, such was the intent of the legislature in using such direct language at the outset of the statute.
The commissioner contends, however, that the legislature merely “republished” the opening language of § 40-6A-2 to comply with the requirements for amending a statute set forth in Article IV, section 45 of the Alabama Constitution and did not intend by using such language to require county approval for the application of the amendment to the county. Not only is such contention contrary to the principles of statutory construction set forth above, but calls upon this court to engage in pure speculation as to the intent of the legislature. This we will not do.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., concurs.
INGRAM, J., recuses himself.