INGRAM, Judge.
This case arises from a final income tax assessment issued by the administrative law division of the State Department of Revenue in 1987 against William H. McLe-more and Ruth C. McLemore (taxpayers) for the tax year 1984. The taxpayers timely filed an appeal of the final assessment in the Montgomery County Circuit Court, alleging that the assessment was contrary to the “step-up” basis provisions contained in Ala.Code 1975, § 40-18-6(a)(2), prior to its 1985 amendment.
This is a case of first impression under current Alabama income tax law. The dis-positive issue on appeal is whether the trial court correctly construed § 40-18-6(a)(2) as providing as a matter of law that pre-March 15, 1985, donees of gift property shall receive a step-up in the basis of that property.
The facts indicate that on June 28, 1984, Mr. McLemore entered into an agreement to sell approximately 8.41 acres of land to the Alabama Christian School of Religion (ACSR). This agreement provided that Mr. McLemore could convey all his right, title, and interest in the property to his wife prior to the closing. On November 15, 1984, Mr. McLemore transferred by gift to his wife 9.808 acres of land, which included the entire 8.41 acres referred to in the June 28, 1984, agreement. On November 21, 1984, Mrs. McLemore sold the 8.41 acres of land to ACSR in accordance with the terms set forth in the June 1984 agreement between her husband and the purchaser, ACSR. The taxpayers on their 1984 Alabama joint tax return claimed a basis in the property acquired by gift equal to its fair market value at the time of acquisition. Since the transfer to Mrs. McLemore preceded the sale of the land by only six days, the taxpayers determined that the sales price was equal to the stepped-up basis. Consequently, no taxable gain was recognized or reported on the sale. After conducting an audit on the taxpayers’ 1984 income tax liability, the Department of Revenue disallowed the gift of real property from Mr. McLemore to his wife because it lacked a business purpose. In other words, the Department of Revenue rejected the taxpayers’ use of the stepped-up basis and assigned Mr. McLemore’s original basis in the property. By assigning Mr. McLemore’s original basis in the property, a gain of $303,194 was recognized. As a result, additional income taxes in the amount of $21,489.30 were assessed against the taxpayers. The taxpayers thereafter appealed to the Circuit Court of Montgomery County pursuant to the Administrative Procedure Act. The trial court conducted a de novo review of the administrative proceeding and, after an ore tenus hearing, found that Mrs. McLemore was entitled to a step-up in the basis of the property in question as a matter of law.
It is undisputed that the taxpayers technically complied with the statute in *756 question. The Revenue Department, however, submits that the substance of a transaction, and not its form, should govern where, as alleged here, the gift transfer between the taxpayers was solely for the purpose of avoiding taxes. C.I.R. v. Court Holding Co., 324 U.S. 331, 65 S.Ct. 707, 89 L.Ed. 981 (1945); Paccar, Inc. v. C.I.R., 849 F.2d 393 (9th Cir.1988); Basic, Inc. v. United States, 549 F.2d 740, 212 Ct.Cl. 399 (1977); Centennial Savings Bank FSB v. United States, 682 F.Supp. 1389 (N.D.Tex.1988). The Department of Revenue further submits that the “imputed income” rule is applicable to the present case. Magneson v. C.I.R., 753 F.2d 1490 (9th Cir.1985); Bush Brothers & Co. v. C.I.R., 668 F.2d 252 (6th Cir.1982); Blueberry Land Co. v. C.I.R., 361 F.2d 93 (5th Cir.1966). After careful consideration, we must conclude that the above cited authority has no bearing on the issue on appeal. In the cases cited by the Department of Revenue, the taxpayers attempted to circumvent existing federal tax laws to avoid paying federal income tax. Here, the taxpayers complied with the letter and spirit of the Alabama income tax law as it existed prior to the 1985 amendment.
Ala.Code 1975, § 40-18-6(a)(2), prior to its amendment in 1985, provided for an increase in the basis of property acquired by gift or transfer in trust as follows:
“(2) GIFT OR TRANSFER IN TRUST.— If the property was acquired by gift or transfer in trust, the basis shall be the fair and reasonable market value of such property at the time of such acquisition, or if acquired prior to December 31, 1932, the basis shall be the fair and reasonable market value as of that date.”
While the Department strenuously argues that the taxpayers here utilized the pre-amendment statute simply to avoid taxes, it acknowledges in its own publication, Revenue Review, Vol. Ill, Issue 5, June/July 1985, that “[t]axpayers have been using the Alabama law to their advantage by transferring appreciated property to spouses, children or trusts to avoid the appreciation being subject to Alabama tax upon disposition.”
In 1985, § 40-18-6(a)(2) was amended by the legislature to conform to the federal tax laws. Revenue Review, supra. This amendment, which closed the previously existing loophole regarding property acquired after March 15, 1985, reads as follows:
“If the property was acquired by gift, the basis shall be the same as it would be in the hands of the donor or the last preceding owner by whom it was not acquired by gift.... [However], [i]f property was acquired by gift ... on or after December 31, 1932 and prior to March 15, 1985, the basis shall be the fair and reasonable market value of such property at the time of such acquisition.” (Emphasis added.)
§ 40-18-6(a)(2), Ala.Code 1975 (1985 Repl. Vol.). Stated differently, this amendment requires post-March 15, 1985, donees of gift property to assume the same basis in the property as existed in the hands of the last preceding owner who did not acquire this property by gift. This amendment has no retroactive application. Pre-March 15, 1985, donees of gift property are entitled to a step-up in basis equal to the property’s fair market value on the date of acquisition.
Section 40-18-6(a)(2) was amended to conform to the federal income tax law codified in 26 U.S.C. § 1015. The language in this section, as amended, closely parallels the language in 26 U.S.C. § 1015 (1982), which is set forth as follows:
“(a) Gifts after December 31, 1920.— If the property was acquired by gift after December 31, 1920, the basis shall be the same as it would be in the hands of the donor or the last preceding owner by whom it was not acquired by gift....
[[Image here]]
“Gift or transfer in trust before January 1, 1921. — If the property was acquired by gift ... on or before December 31, 1920, the basis shall be the fair market value of such property at the time of such acquisition.”
See 26 U.S.C. §§ 1015(a) and (c) (1982). Alabama courts, as a rule, look to federal statutory and case construction as a source *757 of persuasive authority where, as here, a state income tax statute has been modeled after an existing federal statute. Best v. State Department of Revenue, 417 So.2d 197 (Ala.Civ.App.1981). The construction placed on the federal statute in question is presumed to apply to the later enacted Alabama statute where, as in the present case, the federal statute has a settled judicial construction. State v. Flenner, 236 Ala. 228, 181 So. 786 (1938).
In order to determine the proper judicial construction to be given § 40-18-6(a)(2), we must first examine the legislative and case history dealing with the federal law upon which this section is based. Federal income tax law prior to 1921 provided that donees of property acquired by gift would receive a step-up in the basis of that property for federal income tax purposes. In 1921, Congress repealed this law through the Revenue Act of 1921, § 202(a)(2), which was later codified in 26 U.S.C. § 1015 (1982). According to applicable federal case law, Congress’s purpose in enacting the Revenue Act of 1921 was to prevent taxpayers from escaping taxation on the sale of appreciated property by transferring said property by gift shortly before its sale. Bower v. Taft, 20 F.2d 561 (2nd Cir.1927); Rice v. Eisner, 16 F.2d 358 (2nd Cir.1926); Blass v. United States, 344 F.Supp. 669 (E.D.Ark.1972). This same purpose appears to have been behind the legislature’s enactment of the 1985 amendment to § 40-18-6(a)(2). Revenue Review, supra.
After studying the Revenue Act of 1921, along with the federal legislation codifying this act and subsequent federal cases construing this act, we must conclude that the rules and doctrine cited by the Department of Revenue, such as the “valid business purpose” rule, the “imputed income” rule, and the “substance over form” doctrine, are not applicable to pre-January 1, 1921, gifts, nor are they applicable to Ala.Code 1975, § 40-18-6(a)(2), prior to its 1985 amendment. As noted previously, Alabama statutes patterned after federal statutes having a settled judicial construction are presumed to adopt said construction unless language in the Alabama statute suggests otherwise. State v. Flenner, supra. In view of this rule, we must presume that the legislature did not intend to depart from the construction placed on 26 U.S.C. § 1015 since there is no language in § 40-18-6(a)(2) to indicate otherwise.
In light of the above, this case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.