INGRAM, Judge.
The State Department of Revenue (Revenue Department) appeals from an order by the trial court construing § 40-18-6(a)(2) in favor of Mr. and Mrs. Crews (taxpayers). The trial court found as a matter of law that pre-March 15, 1985,' donees of gift property shall receive a stepped-up basis in that property equal to its fair market value at the time of the completed gift. The dispositive issue on appeal is whether'the “substance over form” doctrine or the “imputed income” rule invalidates this construction.
In the early 1980’s, Mr. Crews leased a piece of property to Capitol Motor Company, an automobile dealership located in Montgomery. Subsequently, in October 1984, Mr. Crews and Capitol Motor Company commenced negotiations concerning the possible sale of this property to the dealership. On December 19, 1984, while these negotiations were underway, Mr. Crews transferred the property in question by way of gift to his wife. There is evidence that he continued to assist in negotiations after the gift transfer. On December 28, 1984, Mrs. Crews sold this property to Capitol Motor Company for the price originally considered by the Crewses and the dealership in October 1984.
On their 1984 joint income tax return, the taxpayers claimed a cost basis in the property acquired by gift equal to its fair market value as of the date Mrs. Crews acquired the property. The taxpayers determined that the sales price was equal to the property’s fair market value, i.e., stepped-up basis, since the gift transfer to Mrs. *979 Crews preceded the sale of land by only nine days. Consequently, the taxpayers did not report a gain on this sale. The department, in the course of auditing the taxpayers’ 1984 tax return, determined that Mr. Crews gave this property to his wife primarily to increase the basis in the property equal to its fair market value and, thus, to avoid paying taxes on the gain realized from its subsequent sale. In view of this determination, the Revenue Department ignored the gift of real property from Mr. Crews to his wife, rejected the stepped-up basis reported by the taxpayers, and used Mr. Crews’s original cost basis in the property to compute the gain realized from the sale to Capitol Motor Company. Consequently, additional income taxes along with interest were assessed against the taxpayers. The taxpayers requested a hearing before the department’s administrative law division. The administrative hearing officer found that Mr. Crews had made a valid inter vivos gift to Mrs. Crews prior to the sale of the property. Nevertheless, he upheld the department’s preliminary assessment on the ground that there was “no substantive business purpose for the gift.” The taxpayers appealed this final assessment in the amount of $47,900.96 to the Circuit Court of Montgomery County. That court, after conducting a de novo review of the administrative hearing at an ore tenus proceeding, found that Mrs. Crews was entitled to a stepped-up basis pursuant to § 40-18-6(a)(2).
The Revenue Department contends that the stepped-up basis claimed by the taxpayers under § 40-18-6(a)(2) should be disallowed in view of the “substance over form” doctrine and the “imputed income” rule. This contention is without merit. Neither the substance over form doctrine nor the imputed income rule has any application to pre-March 15, 1985, gift transactions. State Department of Revenue v. McLemore, 540 So.2d 754 (Ala.Civ.App.1988). Here, the taxpayers complied with the literal terms of § 40-18-6(a)(2). In view of this and our holding in McLemore, supra, we find that the taxpayers were entitled to a stepped-up basis, and we affirm the judgment of the trial court.
AFFIRMED.
HOLMES, P.J., and ROBERTSON, J., concur.