YATES, Judge.
Dr. John E. Briscoe, d/b/a Institutional Dental Systems, was assessed unemployment compensation contributions and penalties by the Alabama Department of Industrial Relations (DIR). Dr. Briscoe appealed the final assessment to the Circuit Court of Shelby County, which found that certain dentists’ work relationships with Dr. Briscoe were those of independent contractors and not employees. Consequently, the trial court ruled that no unemployment contributions were due to be paid by Dr. Briscoe. DIR’s motion to alter, amend, or vacate the judgment was denied and DIR appealed.
The sole issue on appeal is whether the dentists who were associated with Dr. Bris-coe were his employees or whether the dentists were independent contractors. DIR argues that the facts of this case clearly establish master-servant relationships between Dr. Briscoe and the dentists, so as to qualify the dentists associated with Dr. Briscoe as his employees. We disagree.
The testimony of Dr. Briscoe, the only witness called to testify, revealed the following: Correctional Health Care, Incorporated (CHC), maintained a primary contract with the State of Alabama to provide medical services to inmates housed by the Alabama Department of Corrections (DOC). Dr. Briscoe subcontracted with CHC to provide dentists for the dental clinics at the various DOC facilities.- Dr. Briscoe testified that, pursuant to his contract with CHC, he hired the dentists and provided expendable supplies and management.
Dr. Briscoe elaborated that his contracts with the individual dentists were for the provision of professional services; i.e., dental services to inmates, and that he, Dr. Briscoe, maintained administrative control over the dentists who were hired. In describing administrative control, Dr. Briscoe stated that he “tried to be a liaison between the dentists and the warden and the shift commanders and captains to coordinate the timely delivery of the care_ Secondly, I tried to ... construct a feeder report required by DOC showing the number of hours that dental treatment was available_” Dr. Briscoe testified, however, that he did not govern the day-to-day duties of the dentists, nor did he give instructions as to individual patient care. These decisions were committed to the discretion of the treating dentists.
Furthermore, Dr. Briscoe testified that the equipment used by the dentists at the prison sites belonged to DOC and was provided by the state; that he provided no training to the dentists; that he only provided expendable supplies to the dentists; that he provided no instructions as to how the dentists were to perform their duties; that he provided no professional liability insurance, but that such insurance was provided by CHC; that some of the dentists maintained a separate, private *758 practice aside from their contractual duties as to inmate care; that the dentists were required to maintain their own licenses; and that dental assistants and hygienists were provided to the dentists, and paid and supervised by CHC.
Payment to the dentists was negotiated between the particular dentist and Dr. Bris-coe, based on geographic professional averages and individual experience and training. Dr. Briscoe testified, however, that work-related expenses were paid by the dentists. Dr. Briscoe also testified that he chose and interviewed dentists for the purpose of entering contracts with them, but that DOC conducted background investigations on the dentists selected. According to Dr. Briscoe, these background investigations were required before he could enter a contract with a dentist and he waited on a “yes or no answer.” The contracts provided for termination by either the dentist or Dr. Briscoe for any reason, provided that prior written notice was given by the terminating party. Paragraph 9(d) of the contract stated the following:
“This Agreement is contingent upon the Center [Alabama’s prison facilities] granting Dentist access to the Center. In the event an agent or employee of the State of Alabama or of the Center does not grant Dentist access or subsequently withdraws such access, then [Dr. Briscoe] may terminate this Agreement immediately by giving written notice to Dentist....”
Since the facts in this case are undisputed, the ore tenus rule is inapplicable and this court must determine whether the trial court misapplied the law to the facts. Fouts v. Beall, 518 So.2d 1286 (Ala.1987). Ala.Code 1975, § 25-4-7, defines “employee” as “any individual employed by an employer subject to this chapter, in which employment the relationship of master and servant exists between the employee and the person employing him.” Furthermore, this court stated the following regarding the master-servant relationship:
“[A] master-servant relationship exists where an employer has the right to select the employee, the power to discharge him, the right to direct the type of work to be done, and the authority to prescribe the means and methods by which the employee is to perform the work desired_ Indeed, courts regard the right to exercise control over the performance of the service as predominant in an employer-employee or master-servant relationship.”
State Department of Industrial Relations v. Montgomery Baptist Hospital, Inc., 359 So.2d 410, 412 (Ala.Civ.App.1978). (Citation omitted.)
After reviewing the record, we find that the facts of this case do not indicate such a reserved right of control as to qualify Dr. Briscoe’s relationships with the dentists under contract as those of master-servant. Consequently, the dentists are not to be considered Dr. Briscoe’s “employees” for purposes of withholding unemployment compensation contributions. Based on the foregoing, we hold that the trial court did not misapply the law to the facts of this ease. The trial court’s decision is affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.