Peyton Cochrane, the tax collector for Tuscaloosa County, filed a complaint for declaratory judgment on behalf of Tuscaloosa County, seeking delinquent ad valorem taxes from BPH, Inc., and Luther Pate, IV. (We note that the trial court entered summary judgment in favor of Pate, who was a shareholder in both BPH and Dexter Hulsart Co., Inc. (Hulsart). Pate does not appeal any aspect of the trial court's determination.)
In his complaint, Cochrane alleged that no ad valorem taxes had been paid upon the property of Hulsart since the assessment of October 1, 1988, through the filing of the complaint (February 1992). He further alleged that BPH was the successor-in-interest to the property previously owned by Hulsart and, consequently, was liable for the indebtedness of the ad valorem taxes due the County by its predecessor in title.
In its answer, BPH denied that it was the successor-in-interest to Hulsart. As an additional defense, BPH asserted that it was the holder of a landlord's lien and the assignee of a security interest in Hulsart's property and, as such, had priority over the tax lien claimed by Cochrane.
The case was submitted to the trial court on cross-motions for summary judgment, affidavits of Cochrane and Pate, and memoranda of law submitted by both parties. The trial court entered an order of partial summary judgment in favor of Pate, with factual findings. In this order, the trial court found that Cochrane's tax lien had priority over the landlord's lien and the perfected security interest held by BPH. Upon the request of the trial court, the parties submitted a stipulation of facts. Thereafter, the trial court entered a final judgment against BPH and in favor of Cochrane.
BPH appeals. This court has jurisdiction of this case pursuant to Ala. Code 1975, § 12-2-7(6). We affirm.
The dispositive issue on appeal is whether Ala. Code 1975, § 40-1-3, provides that the lien for ad valorem taxes is superior to a prior perfected landlord's lien or a prior perfected security interest.
A brief summary of the facts of this case is as follows: Hulsart was a corporation which owned tangible property subject to ad valorem taxes. The ad valorem taxes were properly assessed for the fiscal year beginning October 1, 1988. When these taxes were not paid, a lien attached against the property for the payment of the taxes as of October 1, 1988. The same is true for taxes due October 1, 1989, and October 1, 1990. All of the liens were recorded in the probate court for the County.
BPH purchased the real property on which Hulsart was located in January 1990. At that time, BPH acquired a landlord's lien because a substantial amount of rent was owed on the acquired property. Subsequently, Hulsart filed bankruptcy, during the course of which BPH acquired a security interest in all of the inventory and equipment of Hulsart.
We note that when the bankruptcy court issued its order confirming the final plan for distributing Hulsart's assets, it stated that the assets "shall be surrendered subject to the in rem Ad Valorem Tax Liens of The Tuscaloosa County Tax Collector, the extent and sufficiency of said liens not having been *Page 913 
adjudicated by this Court." The trial court, and now this court, must fulfill that function.
Initially, we note that Ala. Code 1975, § 40-1-3, provides, in part:
 "From and after October 1 of each year, when property becomes assessable the state shall have a lien upon each and every piece or parcel of property owned by any taxpayer for the payment of all taxes which may be assessed against him . . . which lien shall continue until such taxes are paid, and the county shall have a like lien thereon for the payment of the taxes which may be assessed by it. . . . These liens shall be superior to all other liens and shall exist in the order named. . . ."
(Emphasis added.)
When this court is called upon to construe a statute, the cardinal rule is to determine the intent of the legislature.Hamilton v. Walker County, 521 So.2d 34 (Ala.Civ.App. 1987). This intent may be determined upon examination of the entire statute in light of its general purpose. Id. It has been previously held that when this court is construing a statute, it must apply the "natural, plain, ordinary, and commonly understood meaning" to the words used in the statute. Danielsv. Bowers, 518 So.2d 736, 738 (Ala.Civ.App. 1987).
There is no doubt that § 40-1-3 clearly provides that "[t]hese liens shall be superior to all other liens."
Consequently, we hold that the trial court correctly determined that Cochrane's tax lien took priority over the landlord's lien and the perfected security interest held by BPH.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.