This case involves an issue of first impression in Alabama and the interpretation of § 40-18-6(b)(2), Ala. Code 1975.
In the early 1980's, Thomas C. Robertson, Jr., purchased three pieces of rental property located in Oklahoma. He was a resident of Oklahoma at the time, but later moved to Hawaii, then to Missouri, and later to Texas. He became an Alabama resident in 1991. Robertson sold the rental property in 1992 and 1993.
Robertson claimed deductions on his federal income tax returns for depreciation of the rental property each year from the time it was purchased until it was sold. He also claimed depreciation deductions on his Oklahoma income tax returns while he was an Oklahoma resident; however, he stated that he did not remember whether he claimed depreciation deductions when he lived in Hawaii or Missouri. Robertson did not claim depreciation deductions on the property while he lived in Texas because Texas did not impose a state income tax during that time. After moving to Alabama, Robertson claimed depreciation deductions on the property on his Alabama income tax returns. When Robertson sold the rental property in 1992 and 1993, he reported as income for those years the gain that he realized from the sale of the property. He calculated that gain for state income tax purposes by using an adjusted basis that reflected only the amount of depreciation he had claimed on his Alabama tax returns.
The State Department of Revenue ("the Department") audited Robertson's 1992 and 1993 Alabama income tax returns. The revenue examiner recomputed Robertson's adjusted basis in the rental property to reflect the total amount of depreciation that the Department contended could have been deducted on the property. That recalculation resulted in a reduced adjusted basis in the property and in an increased taxable gain. The Department then entered final assessments of $972.94 for the 1992 tax year and $2,013.19 for the 1993 tax year, representing additional income tax due plus penalties and interest.
Robertson appealed to the Department's Administrative Law Division. After a hearing, the administrative law judge ("ALJ") entered an order in favor of Robertson, dismissing the final assessments. After the ALJ denied the Department's application for a rehearing, the Department appealed the ALJ's decision to the circuit court. The parties agreed to submit the case on briefs and on the record of *Page 399 
the administrative agency proceedings. The trial court affirmed the ALJ's decision in favor of Robertson, and the Department appealed to this court.
Because the facts in this case are undisputed, the ore tenus rule is not applicable. Allen v. Briscoe, 628 So.2d 756
(Ala.Civ.App. 1993). When the facts before the trial court are undisputed and the controversy involves the consideration of a question of law, no presumption of correctness is accorded to the trial court's judgment, and our review is de novo. Allstate Ins.Co. v. Skelton, 675 So.2d 377 (Ala. 1996). Moreover, when this court is construing statutory provisions, we do not attach any presumption of correctness to the trial court's construction thereof. Pilgrim v. Gregory, 594 So.2d 114 (Ala.Civ.App. 1991).
Under Alabama law, when property is purchased, it has, for tax purposes, a "basis" equal to the purchase price. § 40-18-6(a), Ala. Code 1975. When the property is sold, the taxpayer's "gain" or "loss" realized on the property is computed by subtracting the taxpayer's basis in the property from the sales price; if the property is depreciable, the taxpayer's basis in the property is adjusted pursuant to § 40-18-6(b). § 40-18-7(a), Ala. Code 1975.
Section 40-18-6(b) states, in pertinent part:
 "The adjusted basis for determining the gain or loss from the sale or other disposition of property, whenever acquired, shall be the basis determined under subsection (a), adjusted as hereinafter provided. Proper adjustment in respect of the property shall in all cases be made:
". . . .
 "(2) in respect of any period since January 1, 1935, for exhaustion, wear and tear, obsolescence, amortization, and depletion, to the extent allowed, but not less than the amount allowable, under this chapter."
(Emphasis added.)
The Department contends that the trial court erred in concluding that § 40-18-6(b)(2) did not require Robertson to decrease his adjusted basis in the rental property to account for depreciation deductions that were allowable for those years that he was not a resident of Alabama. In contrast, Robertson argues that the "not less than the amount allowable" language of § 40-18-6(b) limits any adjustments to his basis to those depreciation deductions that he claimed on his Alabama tax returns. Robertson asserts that because he was not subject to Alabama's tax laws until 1991, no state income tax deductions were "allowable" on his property before then.
We note that the paramount rule of statutory construction is to ascertain the intent of the legislature.
 "When this court is called upon to construe a statute, the cardinal rule is to determine the intent of the legislature. Hamilton v. Walker County, 521 So.2d 34
(Ala.Civ.App. 1987). This intent may be determined upon examination of the entire statute in light of its general purpose. Id. It has been previously held that when this court is construing a statute, it must apply the `natural, plain, ordinary, and commonly understood meaning' to the words used in the statute. Daniels v. Bowers, 518 So.2d 736, 738 (Ala.Civ.App. 1987)."
BPH, Inc. v. Cochrane, 628 So.2d 911, 913 (Ala.Civ.App. 1993).
Because the legislature modeled § 40-18-6(b) after the Internal Revenue Code, Alabama courts may look to federal statutory and case construction as persuasive authority. StateDep't of Revenue v. McLemore, 540 So.2d 754 (Ala.Civ.App. 1988). The federal courts have interpreted "allowable" depreciation to include depreciation deductions for years during which the taxpayer was not a United States citizen. Gutwirth v.Commissioner, 40 T.C. 666 (1963); Abraham v. Commissioner,9 T.C. 222 (1947). In Gutwirth and *Page 400 Abraham, the taxpayers' adjusted bases in foreign properties were decreased to take into account depreciation deductions that were "allowable" on that property before the taxpayers became United States citizens. Therefore, when the taxpayers later sold their foreign properties after becoming United States citizens, their adjusted bases in the properties, for federal income tax purposes, were reduced to take into account depreciation deductions that had accrued before the taxpayers became citizens. Gutwirth, 40 T.C. at 678-79; Abraham,9 T.C. at 227.
In view of the federal authorities and examining § 40-18-6 in light of its general purpose, we conclude that the plain intent of the legislature in enacting § 40-18-6(b) is that a taxpayer must decrease his or her adjusted basis for all depreciation allowable, whether or not taken while residing in Alabama. The statutory language of § 40-18-6(b) — "to the extent allowed, but not less than the amount allowable under this chapter" — does not mandate that a taxpayer reside in Alabama for depreciation deductions to accrue for the purpose of his or her Alabama income tax.[1] That statutory language merely defines the amount that a taxpayer's adjusted basis must be reduced to take into account depreciation deductions that must be taken on property, "whenever acquired" and "in all cases," regardless of whether the taxpayer was residing in Alabama when those deductions accrued.
If this court were to adopt Robertson's interpretation of § 40-18-6(b), the result could be a detriment to Alabama's taxation system. Such an interpretation would allow a taxpayer to fully depreciate a property in another state, move to Alabama and fully depreciate the property again, or sell the property and incur no taxable gain, or possibly a taxable loss, for the purposes of his or her state income tax liability. In contrast, the taxpayer would incur a taxable gain on the property for the purposes of his or her federal income tax. We do not believe that the legislature intended such a result.
We conclude that the trial court erred in finding that § 40-18-6(b) did not require Robertson to decrease his adjusted basis to account for depreciation deductions that were allowable for those years that he was not a resident of Alabama.
Accordingly, the judgment is reversed and the cause is remanded for the trial court to reinstate the Department's final assessments for the 1992 and 1993 tax years.
REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES, MONROE, and THOMPSON, JJ., concur.
Crawley, J., dissents.
[1] We note that, to the extent that a taxpayer utilizes the same methods of depreciation for state and federal taxation purposes, this procedure would result in the same adjusted basis for the depreciable property under both federal and state law.