Hines v. Chancey.

## HINES vs. CHANCEY.

[EJECTMENT.]

1. *Deed, certified transcript of under sections 1548-49 of Revised Code; when only can be received in evidence.*—The duly certified transcript of a deed, acknowledged or proved, substantially in the form given in the Revised Code, sections 1548–49, can only be received as evidence of the execution and contents of the original deed, after the original is shown to be lost or destroyed, or that the party offering it has not the custody or control of it.

2. *Deed; what proof does not sufficiently show loss of.*—The loss or destruction of a deed, left in the office of the judge of probate for registration by the grantor, without paying the fees of registration, is not sufficiently proved, by showing it can not be found in said office, where the said judge of probate is shown to have been succeeded by another, who on turning over to his successor the books and records of his office, took away the deeds recorded by him for the purpose of collecting his fees, there being no proof that it can not be found in the hands of the said outgoing judge of probate.

3. *Deed, probate of; what insufficient.*—The probate of a deed does not substantially comply with the form given in the Revised Code, when it omits to certify the subscribing witness was known to the officer be-

fore whom the proof was made ; or, that fails to show that the grantor voluntarily executed the deed, in the presence of said witness and of the other subscribing witness, on the day the same bears date ; or, that fails to state that said witness attested the same, in the presence of the grantor and of the other witness, and that such other witness subscribed his name as a witness in his presence.

4. *Plaintiff in ejectment ; what must prove as to possession and claim of his vendor, before entitled to recovery.*—A plaintiff who makes title under a deed from a third person can not recover, even as against a party in possession without claim of title, unless it be shown that his grantor was in possession, claiming title to the premises at the time the deed was made.

APPEAL from Circuit Court of Coffee.
Tried before Hon. J. McCALEB WILEY.

THIS was an action in the nature of ejectment under the Code, brought by Lucretia D. Chancey against Wm. Hines, to recover certain lands mentioned in the complaint. Defendant pleaded not guilty, and went to trial on that plea. The jury found a verdict in favor of the plaintiff, and judgment was rendered accordingly.

The bill of exceptions recites, that plaintiff was introduced as a witness in her own behalf, and testified that "Wilkerson Ezell, some time in the year 1859, made to witness a deed of conveyance to the lands described in plaintiff's complaint ; and that (she) witness had left said deed in the office of the judge of probate of Coffee county to be recorded, in the year 1859, and that she had never seen said deed since ; and that her name was Lucretia D. Chancey. The plaintiff further introduced B. M. Weekes as a witness, who testified, that he was now the probate judge of Coffee county, and that he had made diligent search for such a deed among the papers on file in his office, and that the deed could not be found. The said witness further testified, that B. W. Starke was his predecessor in said probate office, and that when Judge Starke left the probate office, and turned over to witness the books and records of said office, that the said Starke took out all the deeds that had been recorded in his office for the purpose of collecting his fees, and that witness had never seen the deeds since.

"B. W. Starke then testified, that he was elected judge of probate, and took charge of the records of the probate court of Coffee county in the year 1862; that P. D. Costello was his predecessor, and was probate judge of Coffee county during the years 1858, 1859, 1860, and 1861; that when the said Costello turned over to witness the books and records of said office, that the said Costello took out all the deeds that had been recorded in said probate office, for the purpose of collecting his fees; that he (witness) had seen some of the deeds in the hands of Mr. Moody, as agent of Judge Costello, while Mr. Moody was acting as witness' clerk in said office, and that witness had never seen any of said deeds since. He does not know where they are. The witness further testified, that he had no recollection of ever seeing the particular deed spoken of. The plaintiff then offered to read to the jury, as evidence, the following transcript of a deed from Wilkerson Ezell to plaintiff for the land sued for, from the records of the probate court of Coffee county."

The deed [as set forth in said transcript] was attested by two witnesses, G. B. Clark and Jeremiah Sutherlin, but the name of the grantee, as therein written, was *S*. D. Chancey.

The form of probate of the conveyance was as follows:

"The State of Alabama, }  I certify that on this day
 Coffee county.   }  personally appeared before me G. B. Clark, and after being duly sworn says, that after being informed of the within contents of the within conveyance, that Wilkerson Ezell, for himself, and F. F. Ezell, whose signature appears to the same, assigned it voluntarily on the day the same bears date, as did himself and Jeremiah Sutherlin as witnesses.

"April 3d, 1860.          WM. F. BEARD, J. P."

It was also marked—

"Received for record April 3d, and recorded April 12th, 1860.          P. D. COSTELLO, Register."

"The defendant objected to said transcript being read to the jury as evidence—1st, because said transcript purports to be made to *S*. D. Chancey, and not to *L*. D. Chancey; 2d, because the deed had never been probated, acknow-

ledged, and proven, as required by law; 3d, that there was no proof that the transcript offered in evidence was a copy of the deed spoken of by plaintiff; 4th, that there was no proof of the execution of this deed, of which the transcript purported to be a copy; and, 5th, that there was no proof of the loss or destruction of the original deed. The court overruled defendant's objections, and allowed the plaintiff to read said transcript to the jury as evidence, and the defendant excepted.

"The defendant then introduced as a witness B. M. Weekes, who testified, that he (witness) was judge of the probate court of Coffee county, and was the custodian of the records of said court, and who brought the original records into court, and after an inspection of said records in open court, testified that the records showed that the original deed which had been put upon record was made to *S.* D. Chancey, and not to *L.* D. Chancey."

"The defendant then introduced G. B. Clark, who, according to the said transcript, was one of the subscribing witnesses to said deed, who testified that he had no recollection of ever signing said deed as a witness; that he never heard any contract between the plaintiff and Wilkerson Ezell about the sale of any land; and that if witness ever signed the original deed, it was brought to him some time and he signed it without knowing what it was; that witness had no recollection or knowledge of ever proving said deed before Wm. F. Beard."

"The defendant then moved the court to exclude said transcript from the consideration of the jury; but the court overruled defendant's motion, and the defendant duly excepted."

The bill of exceptions does not state that it contains all the evidence.

The action of the court to which defendant excepted is now assigned as error.

W. D. ROBERTS, for appellant.—Section 1544 of the Revised Code is the only authority for introducing the transcript of a conveyance of property, when properly recorded,

as evidence when the original conveyance is lost or destroyed. Section 1550 of the Revised Code requires the proof or acknowledgment to comply substantially with the forms in sections 1548 and 1549 of the Revised Code. The proof of the execution of the conveyance is not a substantial compliance with the form in section 1549 of the Revised Code. There was no proof of the loss or destruction of the original deed, and the objections of the appellant to the introduction of the transcript as evidence should have been sustained by the court below.

W. C. OATES, *contra.*—A bill of exceptions is always construed most strongly against the party excepting.—*Andress v. Broughton,* 21 Ala. 200; *Gillespie's Adm'r v. Burleson,* 28 Ala. 552.

The party excepting must set out in his bill so much of the evidence as will show affirmatively that the court erred to his prejudice in the rulings complained of.—*Brazier & Co. v. Burt,* 18 Ala. 201; *Southron v. O'Riley,* 21 Ala. 228; *Lewis v. Paull,* 42 Ala. 136; *Thomason v. Groce,* 42 Ala. 431.

In the case at bar the bill of exceptions fails to show that all the evidence on the trial is set out in it.—*Owens v. Calloway,* 42 Ala. 301; *May v. Lewis,* 41 Ala. 315; *Kirksey v. Hardaway,* 41 Ala. 330; *Bridges v. Cribbs,* 41 Ala. 367.

PECK, C. J.—The transcript of the deed from Ezell to the appellee, the plaintiff below, was improperly admitted in evidence.

1. The loss or destruction of the original was not sufficiently proved. The plaintiff was examined as a witness on her own behalf, and stated that she left the original deed in the office of the probate judge of the county for registration in 1859, and had never seen it since.

The probate judge then in office had been succeeded by another, and it was shown that when he turned over the books and records of the office to his successor, he took away with him the deeds that he had recorded, for the purpose of collecting his fees. As it did not appear the plaintiff had paid for recording her deed, the presumption is, it

was taken away by the outgoing judge with the other deeds, that he might collect his fees. The probability, therefore, is, the deed is still in his hands, and may be had by the use of the proper means.

2. The certificate of the probate of the said deed on the transcript does not show that the same was proved, substantially in the form given in the Revised Code.—§ 1549. 1. It does not state the name and style of the officer by whom the proof of the said deed was taken. 2. It does not show that the subscribing witness, by whom the proof was made, was known to the said officer. 3. It is not stated that the grantor executed the deed in the presence of said witness, and in the presence of the other subscribing witness. 4. Or that said witness attested the same, in the presence of the grantor and of the other witness, and that such other witness subscribed his name as a witness in his presence.

The form of probate given in the Code is intended, as far as possible, to protect parties from deception and imposition, against whom the transcript of a deed is offered as evidence, in place of the original, without proof of execution, in open court.

If the officer fails to certify that the witness by whom the proof of execution is made is known to him, what security is there that the deed itself may not be a forgery, a mere simulated paper; or, if not a forgery, that the witness by whom it was proved did not personate the real subscribing witness? This, perhaps, is the most essential requisite of the form given, but they are all important to protect suitors and prevent injustice.

The judgment must be reversed, and the cause remanded for another trial. In the mean while, the plaintiff, by the proper diligence, may be able to recover the original deed, or to show its loss or destruction, and thereby lay the foundation for secondary evidence.

Again: The transcript, on the proof made, without more, was irrelevant to show title in the plaintiff. It should have been proved that the plaintiff's vendor, Ezell, at the time the alleged deed was made, was in possession of the land

conveyed by it, claiming the same or exercising acts of ownership over it.   Without this, no recovery could be had, even as against a party in possession, without any claim of title, without any paper title.—*McCall v. Pryor*, 17 Ala. 533; *Cox v. Davis*, 17 Ala. 714.

We lay no stress on the discrepancy in the initial letter of the plaintiff's christian name, and of the christian name of the grantee, as it appears in the transcript.   The L was no doubt mistaken for an S by the register in recording the deed, and should be treated as a mere clerical misprision.

If the original deed proves to be lost, the transcript, notwithstanding the defective character of the certificate of probate, although not competent to prove the execution of the original, that being otherwise proved, may be admissible to show its contents.

Let the judgment be reversed, and the cause remanded for further proceedings, at the cost of the appellee.

[NOTE BY REPORTER.]—The opinion in this case was delivered at the June term, 1871, but was left out of the 46th volume of Reports, on account of a want of space.