39 So.2d 662

## LANDRUM v. DAVIDSON.

### 6 Div. 827.

Supreme Court of Alabama.

March 31, 1949.

Phil Joiner, of Birmingham, for appellant.

Barber & Barber, of Birmingham, for appellee.

FOSTER, Justice.

This is an action for damages. Some of the counts are in trover for the conversion separately of trees, and saw logs. Some are in trespass quare clausum fregit on certain described land. One is for cutting down and taking away trees on said land, willfully and knowingly, and without the consent of the owner. One is for money had and received.

They all grow out of the cutting of some timber on thirteen acres of land claimed by plaintiff under a tax deed to him, dated September 25, 1943, by the probate judge, which recited that on July 8, 1940, a decree was rendered by the probate court for the sale of said land for taxes due by D. E. Vines, executor of the estate of Lucinda Vines, the owner of the land, and that the sale was made on September 12, 1940, and bid in by the State, and that plaintiff is the present owner and holder of the certificate of purchase.

The evidence does not set out any of the proceedings leading to the tax sale. The evidence does not show that the tax collector made report to the court that he was unable to collect the taxes assessed against the land without a sale of such land. Title 51, section 249, Code. The deed to plaintiff by the probate judge does not contain such a statement, Title 51, section 277, Code, nor that the notices required by Title 51, sections 252 and 259 were given. The deed recited that the assessment was made to D. E. Vines, executor of the estate of Lucinda Vines, the owner of the land. The evidence shows that Lucinda Vines was the owner of the land, and that J. A. Vines, D. E. Vines and Roy Vines were executors. After plaintiff bought the land under the tax sale, the only acts of possession done by him were as follows: "All I did was to go down and as I stated a number of times on Sunday and had picnics. And I also walked over it and talked to the neighbors and they saw me." He also paid the taxes on it after he bought. That the land was wholly unimproved. That he never saw anybody on the property. That he went on it for the purposes stated twelve or fourteen times over a period of five years. The land was not enclosed. He cut no timber, made no roads, erected no trespass signs, gave no one permission to go on the land: did not rent it to anyone, and did not have anyone to look after it for

him, nor survey or fence it, or make other improvements; and did no acts of possession, except his visits on picnics.

The evidence shows on April 1, 1947, J. G. (or Girdley) Vines, one of the children of Lucinda Vines, deceased, but not an executor, sold the timber to Swindle, and on May 5, 1947, Swindle sold it to defendant who went on the land and cut the timber having no knowledge of plaintiff's claim; and with no indication on the land showing that plaintiff was claiming possession.

The assignments of error, which we need consider, relate to the refusal of the affirmative charge requested by defendant, and overruling of the motion of defendant for a new trial.

Plaintiff, appellee here, does not claim in brief that the acts, which we have mentioned, are sufficient proof of actual possession, but that by virtue of his deed, which he thinks passed the title, he had such constructive possession as is sufficient to support an action in trespass or trover for going upon the land by defendant and cutting the timber and converting it to his own use.

■ The principle is well supported that constructive possession of land resulting from legal title is sufficient to support an action for conversion of timber thereon or trespass to land, where the person severing and converting the timber or committing the trespass was not in adverse possession at the time of severance. Gray v. Alabama Fuel & Iron Co., 216 Ala. 416, 113 So. 35; Green v. Marlin, 219 Ala. 27, 121 So. 19; Lacey v. Morris, 215 Ala. 302, 110 So. 379.

But that principle does not aid plaintiff unless he had the legal title. Plaintiff did not have the constructive possession of the land under his tax deed because, for one reason, it did not convey the legal title.

■ The tax sale was void in the absence of evidence that the report required by Title 51, section 249, Code, was made. Such report is necessary to give the probate court jurisdiction to order the sale, and the burden is on one holding under the tax deed to prove that such report was made. Anderson v. Doe ex dem. Macedonia Baptist Church, 246 Ala. 398, 20 So.2d 777; Henderson v. Simmons, 234 Ala. 329, 174 So. 491. The evidence does not show that notices required by Title 51, sections 252 and 259, supra, were given, which the record must affirmatively show were given. Carlisle v. Watts, 78 Ala. 486; Gaston v. Reconstruction Finance Corp., 237 Ala. 111, 185 So. 893. There being no recital in the deed of the existence of such matter, section 277, supra, does not have application to aid that status. Gaston v. Reconstruction Finance Corp., supra; Lathem v. Lee, 249 Ala. 532, 32 So.2d 211.

■ We have shown that defendant entered upon the land under authority of J. G. Vines, one of the heirs of Lucinda Vines, deceased, who admittedly was the owner in her lifetime. In his testimony, J. G. Vines seems to have had a deed before him conveying the property to him, but it is not in evidence, and has no effect. But being an heir, the evidence shows he was at least a tenant in common. One who is not an heir of the estate and has no superior right, cannot complain that one of the heirs either cut the timber or sold it to one who did cut it. If defendant entered upon the land peaceably, his title and right under one of the heirs is a complete defense to an action in trespass. Southern R. Co. v. Hayes, 183 Ala. 465, 476, 62 So. 874. It is available under a plea of the general issue. Lacey v. Morris, 215 Ala. 302, 110 So. 379.

It results that plaintiff did not have constructive possession under his tax deed, because it did not pass the legal title. The evidence does not show actual possession by plaintiff sufficient to sustain such a suit. Defendant showed a better right and claim than plaintiff had. The affirmative charge should have been given for defendant.

Reversed and remanded.

BROWN, LIVINGSTON, LAWSON, SIMPSON and STAKELY, JJ., concur.