143 So.2d 810

**STATE of Alabama ex rel. MacDonald GALLION, Attorney General, et al.**

v.

**John C. GRAHAM.**

**1 Div. 996.**

Supreme Court of Alabama.

July 12, 1962.

Rehearing Denied Aug. 30, 1962.

Jas. R. Owen, Bay Minette, for appellee.

MacDonald Gallion, Atty. Gen., Wm. G. O'Rear and John D. Bonham, Asst. Attys. Gen., for the State.

Wilters & Brantley, Bay Minette, for A. B. Case.

SIMPSON, Justice.

This case involves a three-way dispute between the Division of Forestry of the Alabama State Department of Conservation, the complainant below, appellant here, and A. B. Case, respondent below and also appellant here, and John C. Graham, intervenor below, appellee here, over title to forty acres of land.

The State instituted the cause by filing its bill in equity to quiet title to forty acres of land in Baldwin County against respondent, A. B. Case, alleging that the State of Alabama, Department of Conservation, Division of Forestry, was the owner thereof. Respondent Case filed answer setting forth his claim of title to the disputed land. The court granted appellee John C. Graham's petition to intervene in which he alleged that he was the owner of the lands in dispute and asked the court to make and enter an order or decree settling title to the prop-

erty and to clear up all disputes concerning the same.

From a decree dismissing the bill filed by the State and finding that the title to the property was vested in John C. Graham, the intervenor, this appeal followed.

All parties to the suit agreed that title to the disputed property came out of the United States Government and through mesne conveyances into one Retta Chatham and was vested in her in 1925. Case rests his claim to the land on the following: On August 15, 1925, Retta Chatham and husband conveyed the land to J. H. Champion and Son, which deed was duly recorded in the Probate Court of Baldwin County. On August 5, 1957, Herbert J. Champion, individually and as surviving partner of J. H. Champion and Son, conveyed the land to A. B. Case, reserving unto himself an undivided one-half of one-eighth royalty interest in and to all oil, gas, and minerals. Further, Case claims to have redeemed said land under certificate of redemption issued by the Judge of Probate in Baldwin County, dated the 6th day of February, 1958.

The State claims title to the land by virtue of a tax deed dated October 20, 1937, from the State Land Commissioner to the Alabama State Commission of Forestry conveying title to the disputed land "pursuant to Sections 284, 285, and 286 of House Bill 324, approved July 10, 1935. (Act #194, Gen.Acts 1935—Now Code 1940, Title 51, § 320 et seq.) This deed was duly recorded and contains the following language:

"KNOW ALL MEN BY THESE PRESENTS: THAT WHEREAS, on the 22nd day of April, A.D. 1929, the Probate Court of Baldwin County rendered a decree for the sale of lands hereinafter described and conveyed, for the payment of State and County taxes then due *from Retta Chatham, the owner of said lands,* and for the payment of the fees, costs and expenses of and under said decree the sale had in execution thereof.

"AND WHEREAS, thereafter, to-wit, on the 27th day of May, 1929, under and in pursuance of said decree, said lands were regularly offered for sale by the Tax Collector of Baldwin County for said taxes, fees, costs and expenses, and no person having bid a sufficient sum for said land, to pay the same, said lands were bid in for the State, for the sum of said taxes, fees, costs and expenses.

"AND WHEREAS, the time allowed by law for the redemption of said lands, has elapsed since said sale and the same not having been redeemed the title thereto under said sale is still in the State. * * *" (Emphasis ours.)

The intervenor, John C. Graham, offered the following documentary evidence, upon which his claim to the disputed land exists: Quit-claim deed to himself to the land in controversy from Ruby C. Graham and husband, Carl C. Shirley and husband, dated the 3rd day of August, 1960; and quit-claim deed to John C. Graham from H. J. Champion and wife, dated August 4, 1960. The intervenor testified that H. J. Champion and Son was a partnership composed of H. J. Champion and his son, Herbert J. Champion, and that H. J. Champion died in 1935 and that his widow was dead, and the children were Herbert J. Champion, Carl Champion and Ruby Champion, and that he was the son of Ruby Champion. (These were all the heirs of H. J. Champion.)

The trial court found that the State failed to prove title to the property involved in this suit or any other facts which entitled it to recover in the action. We are compelled to agree with this conclusion. The record does not reveal any evidence of compliance with the statutes with regard to giving notice of the tax sale to the Champions, nor was the tax sale made in the name of the owner of the land.

It is long settled that a tax sale is void in the absence of evidence that the require-

ments of the statutes (Title 51, § 249 et seq.) have been complied with.—Landrum v. Davidson, 252 Ala. 125, 39 So.2d 662; Messer v. Birmingham, 243 Ala. 520, 10 So.2d 760. One claiming under a tax title bears the burden of proving compliance with each and every requirement as to assessment, failure to pay taxes, giving of notice, holding of sale and execution of the tax deed.—Union Central Life Insurance Co. v. State ex rel. Whetstone, 226 Ala. 420, 147 So. 187; Gunter v. Townsend, 202 Ala. 160, 79 So. 644. The tax deed under which the State claims title is void. It shows that the assessment under which the property was sold was made to another than the owner. In this situation, the tax sale is void.—Singley v. Dempsey, 252 Ala. 677, 42 So.2d 609; Lewis v. Burch, 215 Ala. 20, 108 So. 854; Singleton v. Doe ex dem. Smith, 184 Ala. 199, 63 So. 949; Crook v. Anniston City Land Co., 93 Ala. 4, 9 So. 425.

■■ It is axiomatic that the question of acquisition of title by adverse possession is a question of fact to be determined in each particular case. Here the trial court saw the witnesses and heard the testimony. His finding of fact will not be changed here unless palpably erroneous, which we can not say on a careful study of the record. We hold that the State has failed to show title or right to the suit property.

■ We come next to the claim asserted by appellant Case. He rests his claim on (1) a deed from Retta Chatham to H. J. Champion and Son to the disputed land, dated August 15, 1925, and (2) deed from Herbert J. Champion (son of J. H. Champion), individually and as surviving partner of H. J. Champion and Son, to A. B. Case, dated August 5, 1957, and recorded August 6, 1957. This was the only evidence introduced by Case. He offered no oral testimony by himself or any witnesses.

The final decree of the trial court states that, "there is no legal evidence before the court that the respondent, A. B. Case, owns any title to, interest in, or lien or encumbrance on the property involved in this suit".

An examination of the deed under which Mr. Case claims reveals that it is not acknowledged or proved in accordance with Title 47, § 22 et seq. We have long been committed to the proposition that conveyances are not self proving by reason of recordation unless acknowledged or proved according to law. Such is the dictate of our statute.—Title 47, § 104, Code 1940. The deed in question was witnessed by two persons. Although this is sufficient compliance with § 22, Title 47, it is not self proving.— Redwine v. Jackson, 254 Ala. 564, 49 So.2d 115; Niehuss v. Ford, 251 Ala. 529, 38 So. 2d 484.

Inasmuch as this is the only evidence adduced in behalf of appellant Case, we must agree with the trial court's finding that there was no legal evidence to support his claim.—See also Hines v. Chancey, 47 Ala. 637.

■ As stated, John C. Graham intervened in the proceeding wherein the State filed the bill to quiet title. This pleading was sufficient to authorize the court to settle the title between the parties and quiet it in Graham.—Myers et al. v. Moorer et al., ante, p. 18, 134 So.2d 168.

■ Intervenor Graham introduced deeds from all the heirs of H. J. Champion. He was able to show perfect record title to the property in question. The trial court heard the evidence and concluded that the two appellants failed to show any actual possession of the property. If there is no actual possession in them, or either of them, then possession is regarded as constructive and follows the title of the record owner.— Bobo v. Edward Realty Co., 250 Ala. 344, 34 So.2d 165. This is particularly apt in cases involving wild, unimproved land. "When the land has never been occupied in a true sense, the possession is constructive and follows the title, since no one is in the actual possession."—Tensaw Land & Timber Co. v. Rivers, 244 Ala. 657, 15 So.2d

411.  We can not say that the decree of the court quieting the title in intervenor was against the evidence or palpably wrong, and hence must sustain it.

Appellants have failed to show error warranting a reversal of the case.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.