288 So.2d 771

**Winifred GILB et al.**

v.

**ALABAMA MINERAL LAND COMPANY.**

**SC 121.**

Supreme Court of Alabama.

Jan. 24, 1974.

Samuel Tenenbaum, Birmingham, for appellants.

MADDOX, Justice.

This appeal involves a dispute over legal title to the surface rights in forty acres of woodland in Shelby County, Alabama. Winifred Gilb, Margaret Guyton, and Lenore C. Caldwell, the complainants, filed a statutory bill in equity to quiet title. Tit. 7 § 1109, Code of Alabama 1940, as amended. Respondent, Alabama Mineral Land Company, answered and filed a cross-bill. The court established title in Alabama Mineral Land Company. Complainants appeal.

Appellants, as successors in title to one John O'Neill, claim title by virtue of a foreclosure deed executed to John O'Neill in 1896, but not recorded until over seventy-one years later on November 11, 1967.

Alabama Mineral claims title by virtue of a tax deed from the State Auditor to Kaul Lumber Company in 1906 for a consideration of $14.00 and a series of subsequent mesne conveyances. Alabama Mineral also claims title by virtue of its assessing and paying taxes on the subject tract

Karl C. Harrison, Columbiana, for appellee.

and also by adverse possession. The court found Alabama Mineral acquired title by the 1906 tax deed and by assessment of taxes on the tract since 1907 and adverse possession since 1929.

The disputed forty is particularly described as the SE¼ of the SE¼ of Section 1, Township 19 South, Range 2 West. It is located southwest of and adjacent to a 160 acre tract (SW¼ of Section 6) known as the O'Neill property, of which appellants are the successors in title. Alabama Mineral owns other land adjoining the disputed tract.

Appellants argue on appeal that they are the record owners. While admitting their possession of the disputed tract was constructive only, they contend nevertheless the court could not divest them of title unless Alabama Mineral adversely possessed the land for the required period. They contend the evidence does not show adverse possession.

The parties stipulated that the county tax records show Alabama Mineral assessed and paid taxes from 1914 to 1970, and O'Neill and his successors did the same from 1917 to 1970. In other words, beginning in 1917, until trial, there was a double assessment of the disputed tract.

There is evidence that Alabama Mineral maintained an agent on its lands continuously from 1929 to trial to look after its properties, including the disputed forty. A house owned by the company and used by the agent for Alabama Mineral was not on the tract, but was on an adjoining tract. The caretaker's duty was to put out fires, keep off trespassers, and to perform other assignments of a similar nature. There was evidence that through the years, Alabama Mineral deeded timber rights to this tract. From 1923 to 1929, Vida Lumber Company, one of Alabama Mineral's predecessors in title, cut timber on the disputed tract and on adjoining lands. In 1946, Alabama Mineral executed a timber deed to Brown Lumber Company authorizing Brown to cut timber on all Oden-Elliott lands, which included the area in dispute, (Oden-Elliott merged with Alabama Mineral in 1943), in Shelby County, Alabama. Loper Lumber Company cut timber from the tract in 1949 and 1950. Sometime after 1949, for a period of eight to ten years, Alabama Mineral cleared out fire lanes and made new ones on the disputed tract and surrounding tracts. In 1957 Southern Timber Management Service remarked the line between the 160 acre O'Neill tract and the land in question. The east line of the disputed forty joined the west line of the 160 acres owned by the O'Neill family and was marked with yellow paint which Alabama Mineral routinely used to mark its lines.

One of appellants' main arguments is that Alabama Mineral did not adversely possess the land. They claim that their own constructive possession follows the title of O'Neill, their predecessor in title. They cite Bobo v. Edwards Realty Co., 250 Ala. 344, 34 So.2d 165 (1947).

It is true that if there is no actual possession, then possession is regarded as constructive and follows the title of the record owner. This is particularly apt in cases involving wild, unimproved land. But evidence here indicates the disputed tract may not be classified as "wild," "unimproved" land. However, it is axiomatic that the question of acquisition of title by adverse possession is a question of fact to be determined in each case. State of Alabama ex rel. Gallion v. Graham, 273 Ala. 634, 143 So.2d 810 (1962). We cannot say that the decree of the court quieting title in Alabama Mineral on the ground of adverse possession was against the evidence or palpably wrong. Hence, we sustain it.

Having determined that the decree of the trial court is sustainable on his determination that Alabama Mineral acquired title by adverse possession, we find it unnecessary to determine whether Alabama Mineral's title was acquired by some other procedure.

The decree of the trial court is due to be affirmed.

Affirmed.

HEFLIN, C. J., and MERRILL, HARWOOD and FAULKNER, JJ., concur.