This case involves an interpretation of the Alabama Medical Liability Act, specifically Ala. Code 1975, § 6-5-548. That section prescribes the burden of proof applicable in a case brought under the Act. The issue is whether the plaintiff presented competent expert testimony in opposition to the defendants' properly supported motion for summary judgment. The trial court entered a summary judgment for the defendants. We affirm.
The plaintiff sued as administrator of the estate of Flora Husby. In May 1995, Flora Husby was a resident of Bay Manor Nursing Home, operated by South Alabama Nursing Home, Inc. (hereinafter referred to as "Bay Manor"). On May 21, 1995, she sustained a right-hip fracture. Knollwood Park Hospital performed surgery to repair her hip, and she was readmitted to Bay Manor upon completion of the surgery. From May 26, 1995, to May 30, 1995, the nurses at Bay Manor found Husby on the floor on four different occasions. Husby was supposed to be restrained to her bed. Each time they found her, the nurses attempted to prevent another fall by applying "roll belts" for restraint and a "Posey vest" to secure her to the bed. The nurses found no injuries after the first three falls. However, an X-ray indicated that the fourth fall caused a fracture of Husby's right femur. The nursing home transferred Husby to Knollwood Park Hospital for surgery. Husby died approximately six weeks after the femoral surgery. She was under the care of Knollwood Park Long-Term Care Hospital at the time of her death.
Albert Husby filed a medical malpractice action against several parties. The only defendants pertinent to this appeal are Bay Manor and two employees of the nursing home, Wilson R. Hatfield and Posey Cook. Hatfield is the administrator at Bay Manor and Cook is its director of nursing. All of the other defendants have been dismissed. *Page 752 
The plaintiff alleges that the defendants failed to provide Husby with the requisite standard of care, by not properly monitoring her. He argues that Husby would not have fallen if she had been properly supervised by the nurses.
To prove a breach of the standard of care, the plaintiff offered as expert testimony the testimony of Byron S. Arbeit, a nursing home administrator, and Dr. Frederick Ernst, an anesthesiologist. After deposing those experts, Bay Manor moved for a summary judgment, arguing that the plaintiff's experts were not qualified to testify about the standard of care allegedly breached. Bay Manor argued that these experts were not qualified to testify as to the standard of care applicable to securing a patient to the bed to prevent a fall. Bay Manor claimed that the plaintiff's evidence would not meet the burden of proof imposed by the Alabama Medical Liability Act.
On May 5, 1997, the trial court heard oral argument on the motion for summary judgment. It deferred a ruling on the motion in order to allow the plaintiff to submit further information establishing his experts as "similarly situated health care providers," as required by the Alabama Medical Liability Act. Following the hearing, the plaintiff moved for leave to amend his complaint so as to add Hatfield and Cook as defendants. The trial court granted the motion, and the plaintiff added those individual defendants on May 16, 1997. Bay Manor, Hatfield, and Cook, objecting to the qualifications of the plaintiff's experts, moved for a summary judgment on June 3, 1997. On July 11, 1997, the trial court granted the defendants' motion for summary judgment. The plaintiff appeals.
The trial court based the summary judgment on its conclusion that the plaintiff, in his attempt to present substantial evidence indicating that the defendants had breached the applicable standard of care, had not complied with the statutory requirements. Section 6-5-548(a) (1997 Cum.Supp.) states:
 "In any action for injury or damages or wrongful death, whether in contract or in tort, against a health care provider for breach of the standard of care, the plaintiff shall have the burden of proving by substantial evidence that the health care provider failed to exercise such reasonable care, skill, and diligence as other similarly situated health care providers in the same general line of practice ordinarily have and exercise in a like case."
The trial judge determined that "[n]o competent expert testimony of similarly situated health care providers was provided by the plaintiff as required by statutory and case law." The trial judge concluded that the experts used by the plaintiff were not "similarly situated health care providers" as that term is used in § 6-5-548. He based this decision on the fact that neither of the plaintiff's experts was a nurse qualified to give testimony regarding the standard of care of "hands on" health care providers in a long-term care facility. He also determined that a summary judgment was proper for Hatfield and Cook because they rendered no "hands on" care to Husby and any liability on their part would be derivative of those who did render such care. We agree with the trial judge.
"In reviewing the disposition of a motion for summary judgment, we utilize the same standard as that of the trial court in determining whether the evidence before the court made out a genuine issue of material fact." Bussey v. John DeereCo., 531 So.2d 860, 862 (Ala. 1988). When the movant makes a prima facie showing that there is no genuine issue of material fact, the burden shifts to the nonmovant to present substantial evidence creating such an issue. Bass v. SouthTrust Bank ofBaldwin County, 538 So.2d 794 (Ala. 1989). "[S]ubstantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida,547 So.2d 870, 871 (Ala. 1989). This Court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Hanners v. BalfourGuthrie, Inc., 564 So.2d 412 (Ala. 1990).
 "In this case, Rule 56 must be read in conjunction with the 'substantial evidence' rule set out at § 6-5-548(a) and the following *Page 753 
definition of 'substantial evidence' appearing at § 6-5-542(5) of the Alabama Medical Liability Act:
 " '(5) SUBSTANTIAL EVIDENCE. Substantial evidence is that character of admissible evidence Which would convince an unprejudiced thinking mind of the truth of the fact to which the evidence is directed.' "
Leonard v. Providence Hospital, 590 So.2d 906, 907 (Ala. 1991).
First, we note that, for purposes of the Alabama Medical Liability Act, a nursing home is considered a hospital and, therefore, that Bay Manor is covered by the provisions of that Act. Ex parte Northport Health Service, Inc., 682 So.2d 52, 55
(Ala. 1996). The defendants cite Barton v. American Red Cross,829 F. Supp. 1290 (M.D.Ala. 1993), aff'd, 43 F.3d 678 (11th Cir. 1994), for the proposition that the focus should be on the individual practitioner whose specific action is alleged to have fallen below the standard of care. We accept that proposition, and we conclude that the focus in this case should be on the standard of care owed by the nurses who rendered direct care to Husby. Also, when a defendant is not an individual, it is logical to limit the admissible expert testimony to that coming from witnesses who are, as to the specific individual whose actions formed the basis for the litigation, similarly situated. Thus, we will apply the same standard of care, that governing a nurse administering direct care, to all three defendants.
In Medlin v. Crosby, 583 So.2d 1290 (Ala. 1991), this Court developed a test for determining whether an expert qualifies to testify in a case based on the Alabama Medical Liability Act. It is necessary to determine the standard of care the plaintiff says the defendant breached; to determine whether the defendant who is alleged to have breached the standard of care is a specialist in the area of care in which the breach is alleged to have occurred; and to determine whether the expert qualifies under the criteria set out in the statute. 583 So.2d at 1293. In this case, the standard of care allegedly breached is the standard of care that a nurse would exercise in keeping a nursing home patient restrained to a bed. The plaintiff's experts are not specialists in "hands on" nursing care. Mr. Arbeit is a nursing home administrator and Dr. Ernst is an anesthesiologist.
Therefore, we must turn to the statute to determine what qualifications are necessary for an expert who is not a specialist in the area of practice in which the alleged breach occurred. Section 6-5-548(b) lists criteria that a nonspecialist expert must meet in order to testify as to the standard of care allegedly breached. Section 6-5-548(b)(2) (1997 Cum.Supp.) requires that the expert be "trained and experienced in the same discipline or school of practice." Neither of the plaintiff's experts is trained or experienced in the area of "hands on" nursing care.
Dr. Ernst is not qualified because the applicable standard of care does not involve the use of anesthetics. Mr. Arbeit is not qualified because the standard of care did not relate to the actual administration of the nursing home. The plaintiff is not claiming negligence in the administration of the nursing home. To establish a breach of the standard of care applicable in this case, the plaintiff should have offered the testimony of a nurse trained in the daily care of patients. Without testimony by a person familiar with the "hands on" care of patients, the plaintiff failed to meet the burden of proof imposed by § 6-5-548.
The question whether a witness is qualified to give an expert opinion is customarily left to the discretion of the trial court, and the trial court's determination will not be disturbed on appeal absent a finding of abuse of discretion.Bell v. Hart, 516 So.2d 562, 569 (Ala. 1987). We conclude that the trial court did not abuse its discretion by determining that neither of the plaintiff's experts was a "similarly situated health care provider" and therefore that those experts were not qualified to testify about "hands on" nursing care.
Also, we agree with the trial court that the liability of Hatfield and Cook is derivative of the liability of the individuals they supervised. The plaintiff did not present competent evidence to prove liability on the part of the persons supervised by these individual defendants. *Page 754 
The plaintiff argues that the summary judgment was improper with regard to the individual defendants because the trial court conducted the hearing on the initial summary judgment motion before the plaintiff added the individual defendants and granted the summary judgment motion without conducting another hearing. The plaintiff argues that the court erred in entering the summary judgment for the individual defendants because the trial judge never conducted a hearing while those individuals were defendants.
We note that Rule 56 does not require a hearing on a motion for summary judgment because the trial judge has a range of discretion in applying the rule. See Lightsey v. BessemerClinic, P.A., 495 So.2d 35 (Ala. 1986), and Pate v. RollisonLogging Equipment, Inc., 628 So.2d 337, 341 (Ala. 1993). This case illustrates the rationale behind not requiring a hearing for every summary judgment motion. A trial court typically allows a hearing on a summary judgment motion so that the nonmovant can present evidence in opposition to the motion. In this case, the plaintiff had, at the first hearing, presented evidence in opposition to the defendants' motion. That evidence did not qualify under the Alabama Medical Liability Act. The record does not indicate that the plaintiff intended to present new evidence after he added Hatfield and Cook as defendants. The trial court entered the summary judgment because the plaintiff did not present any testimony from a similarly situated health care provider to rebut the defendants' properly supported summary judgment motion. The evidence he presented did not qualify with respect to Bay Manor, nor did it qualify with respect to Hatfield and Cook. The evidence presented in opposition to the motion did not change from the time of the hearing to the time that the trial judge granted the motion. Thus, there was no need for a second hearing.
We agree with the trial court that the plaintiff's expert testimony did not satisfy the burden of proof imposed on the plaintiff by the Alabama Medical Liability Act. The trial court properly entered the summary judgment for the defendants. That judgment is affirmed.
AFFIRMED.
MADDOX, SHORES, HOUSTON, KENNEDY, SEE, and LYONS, JJ., concur.
COOK, J., concurs in the result.