[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1133 
On September 4, 1998, Dianne B. Rogers, as executrix of the estate of William D. Rogers, deceased, sued Deborah A. McGuire and Dale Pugh ("the defendants"). Rogers alleged that the defendants had, on May 17, 1989, purchased at a tax sale a parcel of property on which the decedent held a mortgage. Rogers's complaint presented three counts: (I) that she had a right to redeem pursuant to § 40-10-120, Ala. Code 1975, as a mortgagee without notice of the tax sale, (II) that she had a right to redeem the property pursuant to § 40-10-83, Ala. Code 1975, and (III) that the tax deed to the defendants was void because of a defect or defects in the tax sale.
The defendants answered the complaint and admitted the fact of the tax- sale purchase; they also raised several affirmative defenses and asserted a counterclaim. The counterclaim also had three counts: (1) a claim that title be quieted in favor of the defendants, (2) a claim that an equitable lien be imposed on the property to compensate the defendants for improvements and for harm caused by misrepresentations by Rogers, and (3) a claim for damages alleging a civil conspiracy on the part of Rogers and M. Duane Lewis. On October 27, 1999, the defendants filed a motion for a summary judgment. On November 9, 1999, Rogers filed a response in opposition to the defendants' motion for a summary judgment; Rogers also filed her own motion for a summary judgment. After considerable litigation, the parties submitted a statement of undisputed facts and argued their respective motions; the trial court entered a partial summary judgment on March 8, 2000.
In pertinent part, the partial summary judgment states:
 "By agreement of the parties, Defendants are granted summary judgment as to Count I.
 "There is no genuine issue as to any material fact regarding Count II. This case was commenced and the offer to redeem was made before the Defendants as tax sale purchasers had completed three years of adverse possession. Therefore [Rogers] is entitled to a judgment as a matter of law on Count II and is entitled to redeem from the tax sale. Judgment on this count is rendered on the issue of the right to redeem only, and determination of the amount necessary to redeem is reserved for further proceedings.
 "There is no genuine issue as to any material fact regarding Count III. The tax sale deed from the State of Alabama to the Defendants is void for the reasons alleged by [Rogers] in her complaint. Defendants, as purchasers from the State, have the burden of proof in establishing *Page 1134 
the validity and regularity of the entire tax sale procedure, and they have not carried that burden. [Rogers] is entitled to judgment as a matter of law on Count III and is therefore entitled to possession of the real property in question, located in Shelby County, Alabama, described as:
". . . .
 "The court finds, pursuant to Rule 54(b), [Ala.R.Civ.P.], that there is no just reason for delay and expressly directs entry of final judgment in favor of Defendants as to Count I and in favor of [Rogers] as to Counts II and III as set forth above.
 "All other issues, including the redemption amount under Count II, the taxing of costs, and Defendants' motion for summary judgment on their counterclaim/third party complaint, are reserved for further proceedings."
The defendants appealed to the Supreme Court of Alabama; that court transferred the appeal to this court, pursuant to § 12-2-7, Ala. Code 1975.
The defendants make four arguments: (1) that the trial court erred in holding that Rogers was entitled to redeem the property under §40-10-83, Ala. Code 1975, (2) that the defendants were entitled to quiet title to the property because they have been in possession of the property under color of title for more than 10 years, (3) that the trial court erred in declaring the tax deed void, and (4) that there was substantial evidence creating a genuine issue of material fact concerning the efficacy of the tax sale.
The record reveals that James Haggard executed a mortgage on the 50 acres of property in question to the decedent on May 29, 1986. The decedent died on August 29, 1988. On May 17, 1989, the property was sold to the State for nonpayment of the 1988 ad valorem real property taxes, and thereafter Haggard abandoned the property. On September 26, 1995, the defendants purchased the property from the State for payment of all the taxes due through 1996, approximately $23,000. The defendants paid the taxes on the property for the years 1997 and 1998 as those taxes accrued. The defendants recorded their tax deed on October 5, 1995, and they assessed the property in their names with the county tax assessor. With respect to the tax sale, the tax collector's records showed that a notice of the tax delinquency was issued pursuant to §40-10-4(a), Ala. Code 1975, on March 6, 1989, but there are no records showing service of the notice 10 days before the April term of the probate court from which the tax-sale judgment was issued as required by § 40-10-4(a). The tax collector's records also fail to show the dates of newspaper publication of the tax sale as required by §40-10-12, Ala. Code 1975, nor do the records reflect the notice of the precinct in which the sale is to be conducted as required by § 40-10-14, Ala. Code 1975. Finally, the record does not show that any notice of an application to purchase the land was made pursuant to § 40-10-133, Ala. Code 1975
McGuire testified that on March 16, 1996, she had a conversation with Rogers in which she informed Rogers that the defendants had purchased the property for unpaid taxes. McGuire testified that Rogers told her that Rogers would not spend any money on the property and that Rogers did not intend to redeem the property. On May 17, 1996, McGuire sent Rogers a letter thanking Rogers for discussing the property and stating that the defendants had "worked hard to improve the appearance of the property. We have made many improvements to the barn and the grounds." *Page 1135 
On May 9, 1997, and again on February 16, 1998,[1] Rogers entered into a purchase agreement to sell the property to M. Duane Lewis. Subsequent amendments to this purchase agreement extended deadlines for various terms and required Lewis to redeem the property from the defendants by "judicial process." The purchase agreement as modified also provided that Lewis would sell a portion of the property in an attempt to settle an outstanding Internal Revenue Service tax lien of approximately $12,000,000 against the decedent's estate.
On July 17, 1998, Rogers foreclosed the mortgage from Haggard to the decedent and purchased the property as the executrix of the estate. On August 11, 1998, Rogers's lawyer wrote the defendants and notified them that Rogers had purchased the property at the foreclosure sale and that she desired to exercise her right of redemption.
Because this is an appeal from a partial summary judgment, we consider the defendants' arguments in light of the following standard:
 "A motion for summary judgment tests the sufficiency of the evidence. Such a motion is to be granted when the trial court determines that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. The moving party bears the burden of negating the existence of a genuine issue of material fact. Furthermore, when a motion for summary judgment is made and supported as provided in Rule 56, [Ala.R.Civ.P.,] the nonmovant may not rest upon mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. Proof by substantial evidence is required."
Sizemore v. Owner-Operator Indep. Drivers Ass'n, Inc., 671 So.2d 674,675 (Ala.Civ.App. 1995) (citations omitted), cert denied, 517 U.S. 1121
(1996). Moreover, in determining whether a summary judgment was properly entered, the reviewing court must view the evidence in a light most favorable to the nonmovant. Long v. Jefferson County, 623 So.2d 1130,1132 (Ala. 1993). No presumption of correctness attaches to a summary judgment, and our review is de novo. Hipps v. Lauderdale County Bd. ofEduc., 631 So.2d 1023, 1025 (Ala.Civ.App. 1993) (citing Gossett v. TwinCounty Cable T.V., Inc., 594 So.2d 635 (Ala. 1992)).
 I. Rogers's Right to Redeem Under § 40-10-83
The defendants' first two arguments address the trial court's determination that Rogers was entitled to redeem the property pursuant to § 40-10-83, Ala. Code 1975. The defendants first argue that the statute does not apply to their situation. Section 40-10-83 provides:
 "When the action is against the person against whom the taxes were assessed or the owner of the land at the time of the sale, his heir, devisee, vendee or mortgagee, the court shall, on motion of the defendant made at any time before the trial of the action, ascertain the amount paid by the purchaser at the sale and of the taxes subsequently paid by the purchaser, together with 12 percent per annum thereon, and a reasonable attorney's fee for the plaintiff's attorney for bringing the action, and shall enter judgment for the amount so ascertained *Page 1136 
in favor of the plaintiff against the defendant, and the judgment shall be a lien on the land sued for. Upon the payment into court of the amount of the judgment and costs, the court shall enter judgment for the defendant for the land, and all title and interest in the land shall by such judgment be divested out of the owner of the tax deed."
In Ervin v. Amerigas Propane, Inc., 674 So.2d 543 (Ala.Civ.App. 1995), this court set out the rule governing the time limitation for redemption.
 "`The purpose of § 40-10-83 is to preserve the right of redemption without a time limit, if the owner of the land seeking to redeem has retained possession. This possession may be constructive or scrambling, and, where there is no real occupancy of the land, constructive possession follows the title of the original owner and can only be cut off by the adverse possession of the tax purchaser.
 "`Code 1975, § 40-10-82, [establishes] a `"short statute of limitations"' for tax deed cases.
 "`This section states that the redemption action must be filed within three years from the date when the purchaser became entitled to demand a deed for the property. We have held that this statute does not begin to run until the purchaser is in adverse possession of the land and has become entitled to demand a deed to the land. In order for the short period of § 40-10-82 to bar redemption under § 40-10-83, the tax purchaser must prove continuous adverse possession for three years after he is entitled to demand a tax deed. This statute applies to cases where the land is purchased from the State, as well as to instances where the purchase is made from the tax collector.'"
674 So.2d at 544 (quoting Gulf Land Co. v. Buzzelli, 501 So.2d 1211,1213 (Ala. 1987)).
The defendants labor to distinguish the three-year limitations period in Gulf Land by asserting that Rogers cannot redeem under § 40-10-83
because, they say, she was not in possession of the property as required in O'Conner v. Rabren, 373 So.2d 302 (Ala. 1979). We note that the case- by-case application of § 40-10-83 employed in O'Conner has been displaced by the more recent Gulf Land and its progeny. Moreover, our Supreme Court has applied the rule in Gulf Land to require the purchasers of a tax deed to show that they have maintained continuous adverse possession of the tax-sale property for three years to defeat a right of redemption under § 40-10-83 without regard to possession by the redemptioner. Reese v. Robinson, 523 So.2d 398 (Ala. 1988). Seealso Karagan v. Bryant, 516 So.2d 599 (Ala. 1987). It is undisputed that the defendants had not maintained adverse possession of the tax-sale property for three years before Rogers began proceedings to redeem the property. Accordingly, we conclude that the trial court properly determined that Rogers was entitled to redeem the property under §40-10-83.
The defendants' second argument concerning Rogers's right to redeem is that the summary judgment is erroneous because, they say, they established their title to the subject property by adverse possession under § 6-6-566, Ala. Code 1975. That section allows for proceedings to quiet title:
 "Against all persons who have neither paid any taxes upon said lands nor had any possession thereof, or of any part thereof, during the 10 years next preceding the filing of the complaint, against all parties to the complaint who have made no answer thereto within the time allowed for such purpose and against all persons not intervening in said case and claiming an interest in said *Page 1137 
lands prior to the time the case became at issue, proof of color of title to said lands in the plaintiff or in the plaintiff and those through whom he claims title, and payment of taxes during said 10-year period by the plaintiff or by the plaintiff and those through whom he claims title, or proof of exclusive payment of taxes by the plaintiff or by the plaintiff and those through whom he claims title, during said 10-year period, shall be conclusive evidence of title to said lands in the plaintiff."
(Emphasis added.)
The defendants argue that they paid taxes on the property for the period during which they were in possession and for the period during which Hagood was in possession but did not pay taxes. Thus, they argue, by "tacking" the period for which they paid taxes for the State's possession onto the period for which they paid taxes for their possession, they have been in possession of the property from 1988 through 1998, the 10 years required by § 6-6-566(c). This argument, however innovative, does not address the requirement of the statute emphasized above, that payment be made during the 10-year period and notfor the 10-year period. This court is required to construe statutes according to the "natural, plain, ordinary, and commonly understood meaning" of the words used in the statute. Daniels v. Bowers, 518 So.2d 736,738 (Ala.Civ.App. 1987). The context of § 6-6-566 shows no basis for equating the word "during" as used in the statute with the word "for. " Because the State did not pay taxes on the property while it was in possession, the defendants did not pay taxes during 10 years of possession. Thus, the defendants are not entitled under §6-6-566(c) to "tack" the period for which they paid taxes for the State's possession onto the period for which they paid taxes for their possession.
The case relied upon by the defendants for this argument, Pierson v.Case, 272 Ala. 527, 133 So.2d 239 (1961), is factually inapplicable to this case because it considers a situation where a quitclaim recipient of a tax deed paid taxes on the subject property for 10 consecutive years. Further, we note that allowing the defendants to "tack" the period for which they paid taxes for the State's possession would create a conflict with the right of redemption conferred by § 40-10-83
discussed above. This court is bound to construe the provisions of statutes that address the same subject matter in pari materia in order to avoid conflicts and accord each statutory provision a field of operation. League of Women Voters v. Renfro, 292 Ala. 128, 290 So.2d 167
(1974); B.F. Goodrich Co. v. Butler, 56 Ala. App. 635, 324 So.2d 776
(Civ. App. 1975), cert. quashed, 295 Ala. 401, 324 So.2d 788 (1976).
Not only does the construction of § 6-6-566(c) urged by the defendants disregard the critical use of the word "during" in the statute, Daniels, supra, but the defendants' construction would directly conflict with the right of redemption granted by § 40-10-83, Leagueof Women Voters, supra. We conclude that § 6-6-566(c) is not applicable to the trial court's summary judgment allowing Rogers to redeem the property. The summary judgment as to Rogers's right to redeem the property is therefore due to be affirmed.
 II. The Summary Judgment Holding the Tax Deed Void
The defendants next present two arguments asserting that the trial court erred in entering the summary judgment holding the tax deed void. The trial court held the defendants' tax deed void "for the reasons alleged by [Rogers] in her complaint." The substance of the defendants' *Page 1138 
argument on this point is that Rogers failed to prove that the tax sale was defective and the tax deed therefore void. However, the law is long settled that the burden is on the purchaser of a tax deed to show that the conveyance is valid by strictly complying with the applicable statutory procedures.
 "It is long settled that a tax sale is void in the absence of evidence that the requirements of the statutes (Title 51, § 249 et seq.) have been complied with. — Landrum v. Davidson, 252 Ala. 125, 39 So.2d 662 [1949]; Messer v. Birmingham, 243 Ala. 520, 10 So.2d 760 [1942]. One claiming under a tax title bears the burden of proving compliance with each and every requirement as to assessment, failure to pay taxes, giving of notice, holding of sale and execution of the tax deed. — Union Central Life Insurance Co. v. State ex rel. Whetstone, 226 Ala. 420, 147 So. 187 [1933]; Gunter v. Townsend, 202 Ala. 160, 79 So. 644 [1918]."
State ex rel. Gallion v. Graham, 273 Ala. 634, 636-37, 143 So.2d 810,812 (1962). See also Morris v. Card, 223 Ala. 254, 135 So.2d 340 (1931).
We note that § 40-10-4(a), Ala. Code 1975, provides that notice of a tax sale must be addressed to the person against whom unpaid taxes are assessed. In pertinent part, the statute specifically requires that such notice
 "must be served by the tax collector, or his deputy, on the person to whom it is addressed, and service of such notice may be made by handing a copy thereof to the party to whom it is addressed, or his agent, or by leaving a copy thereof at the residence or place of business of such party, or his agent, or by sending a copy of said notice to the party to whom it is addressed, by certified or registered mail, postage prepaid, marked `for delivery only to the person to whom addressed,' and return receipt demanded addressed to the tax collector of the county; and with his endorsement thereon, showing how and when served or showing his reason for not serving the same, and it must be by the collector or his deputy returned into court on or before the first day of the next term thereof."
In O'Barr v. Oberlander, 679 So.2d 261 (Ala.Civ.App. 1996), this court discussed the requirements of the statute:
 "Section 40-10-4, Ala. Code 1975, requires that a delinquent tax notice be served on a person against whom any unpaid taxes are assessed. The notice may be served by the tax collector or a deputy by handing a copy to the taxpayer, or to his or her agent; by leaving a copy at the taxpayer's residence or place of business, or at that of his or her agent; or by sending a copy to the taxpayer by certified or registered mail, postage prepaid, with delivery restricted to the addressee and a return receipt demanded. The tax collector or deputy is required to show how and when the notice was served or to show his or her reason for not serving the notice, and `it must be by the collector or his deputy returned into court on or before the first day of the next term thereof.'"
672 So.2d at 261 (emphasis added).
It is undisputed that the statutory requirements of § 40-10-4 were not met in the tax sale from which the defendants derived their deed. We note further that the defects in the tax sale alleged by Rogers concerning §§ 40-10-12, 40-10-14, and 40-10-133, Ala. Code 1975, are also undisputed. Although the defendants argue that O'Conner, supra, enables this court to read the record so broadly as to infer that the statutory requirements for a valid tax sale and deed have been met in this case, *Page 1139 
the defendants present no evidence to raise a genuine issue of material fact showing that the statutory requirements have been met. Unlike the record in O'Conner, the record in this case does not show dates of service or other facts from which the court could infer compliance with the statutory requirements for a tax sale. The trial court's determination that the tax sale was procedurally defective and that the tax deed to the defendants was void is correct under Gallion, supra.
We note that the defendants also argue that the summary judgment holding the tax deed void is erroneous because Rogers based her summary-judgment motion on the tax records presented to the trial court by the defendants. Although they cite no specific authority for their argument, the defendants appear to argue that Rogers failed to present substantial evidence in support of her summary-judgment motion because Rogers relied on the evidence presented by the defendants. The law is settled that when this court reviews a summary judgment, we review the evidence that was before the trial court when it considered the motion.Ex parte City of Montgomery, 758 So.2d 565 (Ala. 1999); Husby v. SouthAlabama Nursing Home, Inc., 712 So.2d 750 (Ala. 1998); and Francis v.Nicholas, 689 So.2d 101 (Ala.Civ.App. 1996). See also harold BrownBuilders, Inc. v. Jordan Co., 401 So.2d 36, 37 (Ala. 1991) (counterclaim defendant may move for a summary judgment without supporting affidavits). There is no requirement that the trial court consider the origin of the evidence, so long as the evidence is properly before the court.
The critical consideration in this case has already been discussed — the partial summary judgment holding the tax deed void is supported by undisputed evidence. There is no substantial evidence in the record that raises a genuine issue of material fact concerning the lack of compliance with the procedures required for a valid tax sale and deed. Under these circumstances, the partial summary judgment holding the tax deed void must be affirmed.
AFFIRMED.
Yates, Monroe, Crawley, and Thompson, JJ., concur.
[1] We infer from the record that the initial purchase agreement failed for lack of timely compliance.