IN THE UNITED STATES DISTRICT COURT 
 FOR THE MIDDLE DISTRICT OF ALABAMA 
 NORTHERN DIVISION 

GREYMORR REAL ESTATE, LLC, ) 
 ) 
Plaintiff, ) 
 ) 
v. ) CIVIL ACT. NO. 2:19-cv-466-ECM 
 ) (WO) 
STANLEY D. FOSTER, et al., ) 
 ) 
Defendants. ) 

 MEMORANDUM OPINION and ORDER 

 I. INTRODUCTION 

Now before the Court are motions by Plaintiff Greymorr Real Estate, LLC 
(“Greymorr”) for default judgment against Defendant Stanley D. Foster. (Doc. 13 & 21). 
On May 30, 2019, the Plaintiff filed suit against Stanley D. Foster (“Foster”), the 
United States of America, and the State of Alabama Department of Revenue in the Circuit 
Court of Montgomery County, Alabama (collectively “Defendants”). (Doc. 1-1). The 
case was removed to federal court by the United States on the basis of 28 U.S.C. § 1441, 
1444, and 1446, because the United States is a party to this quiet title action. (Doc. 1). 
Greymorr alleges in its complaint that the Defendants have an interest in, or have 
an interest that clouds title to, the real property located at 2212 Semahat Drive, 
Montgomery, Alabama, 36106. Greymorr alleges that on April 9, 2013, the Probate Court 
of Montgomery County decreed that the property be sold for unpaid taxes and alleges that 
the property was sold on June 5, 2013 to Nebraska Alliance. (Doc. 1-1). Greymorr 
attaches to the complaint the tax deed. (Doc. 1-1). A quitclaim deed subsequently was 
issued to Greymorr. (Doc. 1-1 at 2). Greymorr alleges that all proceedings regarding the 
initial sale on June 5, 2013, the issuance of the tax deed, and the issuance of the quitclaim 
deed were completed in conformity with Alabama law. (Doc. 1-1 at 3). 

Foster failed to file an answer or otherwise appear in this lawsuit within the time 
limits set forth in the Federal Rules of Civil Procedure. Accordingly, on September 6, 
2019, the Clerk entered a default against Foster. (Doc. 26). On August 29, 2019, 
Greymorr filed a Motion for Default Judgment (doc. 21), requesting that judgment be 
entered in its favor against Foster. Foster did not file a response to the Greymorr’s default 

judgment motion within the time given by the Court in its order to show cause why the 
motion ought not be granted. (Doc. 28). For reasons to be discussed, the motion for 
default judgment is due to be GRANTED. 
 II. JURISDICTION and VENUE 
This Court possesses subject-matter jurisdiction over this case pursuant to 28 U.S.C. 

§ 1331 and 1444, because the United States is a party to this action to quiet title. 28 U.S.C. 
§ 2410. Personal jurisdiction and venue are uncontested. 
 III. STANDARD OF REVIEW 
Under Federal Rule of Civil Procedure 55(a), the Clerk of Court must enter default 
when “a party against whom a judgment for affirmative relief is sought has failed to plead 

or otherwise defend, and that failure is shown by affidavit or otherwise . . ..” Further, “[i]f 
the plaintiff’s claim is for a sum certain . . . the clerk – on the plaintiff’s request, with an 
affidavit showing the amount due – must enter judgment for that amount and costs against 
 2 
a defendant who has been defaulted for not appearing . . ..” FED.R.CIV.P. 55(b)(1). 
Once a default has been entered, “[t]he defendant, by his default, admits the 
plaintiff’s well-pleaded allegations of fact, is concluded on those facts by the judgment, 

and is barred from contesting on appeal the facts thus established.” Nishimatsu v. Const. 
Co., Ltd. V. Houston Nat. Bank, 515 F.2d 1200, 1206 (5th Cir. 1975). A district court 
need not hold a hearing to determine damages when “all essential evidence is already of 
record.” S.E.C. v. Smyth, 420 F.3d 1225, 1231-32 & n.13 (11th Cir. 2005). 
 IV. DISCUSSION 

In support of its motion for default judgment, in addition to the allegations of the 
complaint, Greymorr submits an affidavit of Theresa Laughlin (“Laughlin”), Vice 
President of Greymorr. (Doc. 21-3). In this affidavit, Laughlin attests that the 
Montgomery County Tax Collector sold to Nebraska Alliance Realty Company property 
with a Parcel Identification Number of 03-10-08-27-01-003-024.054. (Doc. 21-3 at 2-3). 

She further attests that Nebraska Alliance Realty Company transferred its interest by 
quitclaim deed to Greymorr. (Doc. 21-3 at 3). She further states that no one has redeemed 
the property from the June 5, 2013 tax sale. (Doc. 21-3 at 3). 
Greymorr’s allegations in the complaint and the supporting evidence concerning the 
sale of the property provide a sufficient basis for the Court to enter default judgment against 

Foster. See McGuire v. Rogers, 794 So. 2d 1131, 1138 (Ala. Civ. App. 2000) (stating that 
“[o]ne claiming under a tax title bears the burden of proving compliance with each and 
every requirement as to assessment, failure to pay taxes, giving of notice, holding of sale 
 3 
and execution of the tax deed.”). The motion for default judgment is, therefore, due to be 
GRANTED. 
 V. CONCLUSION 

Accordingly, it is ORDERED that the Plaintiff’s Motions for Default Judgment 
(doc. 13 & 21) are GRANTED against Defendant Stanley D. Foster and it is DECLARED 
as follows: 
1. As against any claim of Stanley D. Foster and all who claim title under Stanley 
D. Foster, Greymorr Real Estate, LLC, is the owner in fee simple and is entitled to the 

immediate, exclusive, and peaceable possession of the real property located in 
Montgomery County, Alabama, which is more particularly described as follows: 
Montgomery County Parcel I.D.: 03-10-08-27-01-003-024.054; legal description: Lot 4, 
Block O, according to the Map of Green Acres Plat No. 22, as said Map appears of record 
in the Office of the Judge of Probate of Montgomery County, Alabama, in Plat Book 35, 

Page 234 (“the Property”). 
2. As against any claim of Stanley D. Foster and all who claim title under Stanley 
D. Foster, all proceedings regarding the sale of the Property for taxes on June 5, 2013 (the 
“Tax Sale”), the subsequent issuance of a tax deed of the Property to Nebraska Alliance 
Realty Company, and Nebraska Alliance Realty Company’s conveyance of the Property to 

Greymorr, were completed in conformity with Alabama law. 
3. Any title or interests claimed by Stanley D. Foster in the Property is QUIETED 
in favor of Greymorr Real Estate, LLC. 
 4 
4. The claims of Stanley D. Foster and all who claim title under Stanley D. Foster 
in and to the Property are without any right. 
5. Stanley D. Foster has no right of redemption from the Tax Sale, no estate, no 

title, no lien, nor interest in or to the Property or any part of the Property. 
6. Stanley D. Foster and all persons claiming under Stanley D. Foster are 
permanently enjoined from asserting any estate, right of redemption, title, lien, or interest 
in or to the Property or any part of the Property. 

DONE this 23rd day of October, 2019. 

 /s/ Emily C. Marks 
 EMILY C. MARKS 
 CHIEF UNITED STATES DISTRICT JUDGE 

 5